IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

DWAIN K. SINGER, CHRIS
HOPSON, HENRY CHAVEZ and
CHRIS RAY ROMERO, on behalf of
themselves and all others similarly
situated,

       Plaintiffs,

vs.

WACKENHUT CORRECTIONS
CORPORATION, a Florida
corporation; CORRECTIONAL
PROPERTIES TRUST, a Maryland
real estate investment trust;
CORRECTIONAL MEDICAL
SERVICES, INC., a Missouri
corporation; GUADALUPE COUNTY,
NEW MEXICO; LEA COUNTY,
NEW MEXICO; JOSEPH D.
WILLIAMS, individually and in his
official capacity as an agent of Lea
County, New Mexico; AL C. PARKE,
individually and in his official
capacity as an agent of Lea County,
New Mexico; ROBERT BRAVO,
individually and in his official
capacity as an agent of Guadalupe
County, New Mexico; and ELOY
MONDRAGON, individually and in
his official capacity as an agent of
Guadalupe County, New Mexico,

       Defendants.

No. CIV 99-1091 PK/RLP

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' [including Wackenhut Corrections Corporation (WCC), Williams, Bravo, Mondragon, Guadalupe County and Lea County] Motion for Determination that the State of New Mexico is a Necessary Party filed March 31, 2000 (doc. 47), and the court being advised fully in the premises, finds that the motion is well taken and should be granted.

In ruling on the preliminary injunction, the court concluded:

5. The State of New Mexico, particularly the NMCD [New Mexico Corrections Department], is a necessary party and no reason has been advanced for its non-joinder. See Fed. R. Civ. P. 19(a). The NMCD is responsible for inmate housing and classification. See N.M. Stat. § 31-20-2 (Michie 1994 Rep. Pamp.). It is also responsible for the provision of psychiatric care through its contractor CMS, and is integrally involved in the monitoring and provision of mental health care (including the assignment of inmates), through the "Wackenhut Agreement." Complete relief could not be afforded without the NMCD, and proceeding without the NMCD would impair its core sovereign interests. See Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973) ("It is difficult to imagine an activity which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons."). Moreover, Fed. R. Civ. P. 65(d), making an order for injunctive relief binding only upon parties and requiring specificity, presents a real barrier to injunctive relief in these circumstances. Because the court is advised that WCC has served a motion to join the State, the court does not pass on whether joinder is feasible, and if not, whether the State is an indispensable party. See Fed. R. Civ. P. 19(b); Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108-25 (1968).

Findings of Fact and Conclusions of Law filed March 14, 2000 at 12-13 (March 14, 2000).

Nothing in the Plaintiffs' response to the instant motion alters this conclusion in the context of the entire action. In their Fifth Claim in the second amended complaint (doc. 9), Plaintiffs allege that various contracts between Defendant counties and the NMCD violate N.M. Stat. Ann. § 33-1-17(B) (Michie 1998 Rep. Pamp.) and N.M. Stat. Ann. § 31-20-2(G) (Michie 1994 Repl. Pamp.). Although Plaintiffs represent that they will seek leave to file a third amended complaint clarifying that they are no longer seeking invalidation of contracts based upon § 33-1-17(B), see Plaintiff's Response filed March 31, 2000 at 2-3 (doc. 48), the current complaint seeks invalidation also based upon § 31-20-2(G). The NMCD is a necessary party to this claim on that basis alone. "'No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'" Jicarilla Apache Tribe v. Hodel, 821 F.2d 537, 540 (10th Cir. 1987) (quoting Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975)).

Even assuming that the Fifth Claim will be dropped in its entirety, Plaintiffs' remaining arguments that the NMCD is not a necessary party are unavailing and may be handled with dispatch. First, a court's deference to the Plaintiffs' choice of parties is not unlimited, countervailing considerations

contained in Fed. R. Civ. P. 19(a) must also be considered.  Second, Plaintiffs'

claim that their assertion of rights as third-party beneficiaries does not require

joinder of the parties to the contract, is inapposite given that any relief would

affect the NMCD's substantial interest, not only in its agreements, but also in its

role as sovereign.  Third, Plaintiffs' contentions that (1) they are not challenging

NMCD policies and practices and (2) the Wackenhut Agreement is not

implicated, are rejected as stated above.  The notion that the court should

proceed, and let the State and the various parties sort out the issues concerning

payment for services, is antithetical to the interests (both monetary and non-

monetary) identified in Rule 19(a).  <u>See</u> Plaintiff's Memorandum in Support of

Plaintiffs' Amended Proposed Findings of Fact and Conclusions of Law

Concerning Motion for Preliminary Injunction filed March 2, 2000 at 4-7 (doc.

33).

Plaintiffs do not argue that the NMCD is not subject to service of process

or that its joinder will deprive the court of jurisdiction.  They do not argue that

joinder is not feasible.  Although there are obvious Eleventh Amendment issues,

those may be asserted by the proper party in due course.  <u>See</u> <u>Wisconsin Dep't of</u>

<u>Corrections v. Schacht</u>, 524 U.S. 381, 389 (1998) (Eleventh Amendment

immunity must be raised).  At this point joinder appears feasible.  Plaintiffs will

be required to join promptly so that the action may proceed expeditiously given

the upcoming class certification hearing; otherwise, the action will be dismissed.

See 7 Charles A. Wright et al, <u>Federal Practice and Procedure</u> § 1604 at 64

(1986); <u>Window Glass Cutters League of America, AFL/CIO v. American St.</u>

<u>Gobain Corp.</u>, 428 F.2d 353 (3d Cir. 1970).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

Defendants' Motion for Determination that the State of New Mexico is a

Necessary Party filed March 31, 2000 (doc. 47), is granted.

IT IS FURTHER ORDERED that Plaintiffs shall serve and file an amended

complaint naming the NMCD as a defendant by April 21, 2000; otherwise the

action will be dismissed.

DATED this 12th day of April 2000, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

John L. Sullivan and Mark H. Donatelli, Rothstein, Donatelli, Hughes,
Dahlstrom, Schoenburg & Enfield, LLP, Santa Fe, New Mexico, and Peter M.
Cubra, Albuquerque, New Mexico, and Alphonse A. Gerhardstein, Laufman &
Gerhardstein, Cincinnati, Ohio, for Plaintiffs.

Henry M. Bohnhoff, Rex D. Throckmorton and MacDonnell Gordon, Rodey,
Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendants
Wackenhut Corrections Corporation, Williams, Bravo, Mondragon, Guadalupe
County and Lea County.