IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

DWAIN K. SINGER, CHRIS HOPSON,
HENRY CHAVEZ and CHRIS RAY
ROMERO, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

vs.

WACKENHUT CORRECTIONS
CORPORATION, a Florida corporation;
CORRECTIONAL PROPERTIES TRUST, a
Maryland real estate investment trust;
CORRECTIONAL MEDICAL SERVICES,
INC., a Missouri corporation; GUADALUPE
COUNTY, NEW MEXICO; LEA COUNTY,
NEW MEXICO; JOSEPH R. WILLIAMS,
individually and in his official capacity as an
agent of Lea County, New Mexico; AL C.
PARKE, individually and in his official
capacity as an agent of Lea County, New
Mexico; ROBERT BRAVO, individually and
in his official capacity as an agent of
Guadalupe  County, New Mexico; ELOY
MONDRAGON, individually and in his
official capacity as an agent of Guadalupe
County, New Mexico; GARY JOHNSON, in
his official capacity as Governor of the State
of New Mexico; ROBERT J. PERRY,
individually and in his official capacity as
Secretary of the New Mexico Department of
Corrections; and the NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants.

No. CIV 99-1091 PK/RLP

---

MEMORANDUM OPINION AND ORDER

───────────────────────────

THIS MATTER comes on for consideration of Plaintiffs' Motion for
Recusal of the Honorable Paul J. Kelly as Trial Judge served April 28, 2000 and
filed May 30, 2000 (doc. 77) [hereinafter Plaintiffs' Motion], and the court, being
advised fully in the premises, finds that the motion is not well taken and should
be denied.

Background

Plaintiffs seek to initiate a civil rights class action on behalf of inmates
with mental or developmental disabilities incarcerated in two private prisons.
They challenge the inmate assignment and classification system, various
conditions of confinement, and seek declaratory, injunctive and monetary relief.
From the filing of the Second Amended Complaint in January 2000 (doc. 9), it
was apparent that the New Mexico Corrections Department [NMCD] was a
necessary party.  See Findings of Fact and Conclusions of Law filed March 14,
2000 at 12-13 (doc. 38); Memorandum Opinion and Order filed April 12, 2000
(doc. 52).  Accordingly, on April 12, 2000, the court granted Defendants' motion
to add the State (particularly NMCD) as a necessary party.  Plaintiffs then filed
their Third Amended Complaint on April 21, 2000 (doc. 56), adding various
Defendants (Governor Johnson, NMCD Secretary Perry, and NMCD, referred to

as the "State Defendants").  A week later, Plaintiffs sought my recusal.

Plaintiffs contend that recusal is required because my spouse is employed by the State of New Mexico, specifically the Office of the Governor, as Director of Boards and Commissions.  They contend that recusal is necessary because she coordinates appointments to state boards and commissions, including the New Mexico Corrections Commission, which according to the statute advises the Secretary of Corrections "in the management and control" of the NMCD.  N.M. Stat. Ann. § 33-1-4(C) (Michie 1998 Repl. Pamp.).  They also point out that my spouse serves at the pleasure of the Governor in a position exempt from the protections of the State Personnel Act.  According to Plaintiffs, the Office of the Governor is a small office with less than thirty people listed in its on-line directory, and the Governor is intimately involved in NMCD policy.

Plaintiffs suggest that because the Office of the Governor is my spouse's employer, I have a dual relationship with Governor Johnson, in violation of 28 U.S.C. § 455(b)(1).  According to the Plaintiffs, my spouse's livelihood is dependent upon the actions of the Governor; thus, a financial interest significant to me and my spouse is involved in this litigation and recusal is required under § 455(b)(4).  The premise of this argument is that any ruling adverse to the State Defendants would jeopardize my spouse's employment, through termination or other adverse employment action; thus, the court might be inclined to rule in favor of the State Defendants.  Plaintiffs also contend that a reasonable person

would believe that my spouse has discussed with me, and will discuss in the future, matters pertaining to NMCD and Governor Johnson, thereby requiring recusal under § 455(b)(1).  Plaintiffs also contend that my recusal is indicated because while serving on a three-judge panel involving New Mexico prison conditions, I alerted the parties to the fact that my spouse was employed by the Office of the Governor.

Defendants contend that the Plaintiffs have not met their burden of proof in seeking disqualification under 28 U.S.C. § 455.  They suggest that the Plaintiffs' assertions are speculative, not anchored to facts, and not objectively reasonable given the actual facts or the law concerning recusal based upon employment of a judge's relative.  Defendants argue that the recusal motion is untimely, and interposed for improper tactical reasons, i.e. rulings adverse to the Plaintiffs.  They suggest that the judicial process would not be well served by granting a recusal motion under these circumstances.  Defendant Wackenhut also argues that the Governor is not a necessary party given the joinder of the other State Defendants, a contention that is the subject of a motion to dismiss being briefed.  It is unnecessary to address Defendant Wackenhut's contention at this time.

<u>Discussion</u>

A judge is required to "disqualify himself in any proceeding in which his

- 4 -

impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This is an objective standard:  "what matters is not the reality of bias or prejudice but its appearance."  <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994).  "'If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.'"  <u>See</u> <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 860 (1988) (quoting and affirming <u>Health Servs. Acquisition Corp. v. Liljeberg</u>, 796 F.2d 796, 802 (5th Cir. 1986)) .

Disqualification is also required where:

(1)     "he [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1);

(2)     "he . . . or his spouse . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be substantially affected by the outcome of the proceeding," <u>id.</u> § 455(b)(4)

(3)     "[h]e or his spouse . . . [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding, <u>id.</u> § 455(b)(5)(iii).

Section 455(a) requires "a reasonable factual basis . . . for questioning the

- 5 -

judge's impartiality." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  This objective standard is applied assuming knowledge of all of the relevant facts.  See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  "[W]here an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality."  In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1313 (2d Cir. 1988) (although judge's spouse was involved in an unrelated $30,000,000 transaction that involved a party-defendant, recusal was not required).  Section 455(b) deals with situations that may involve actual bias, as opposed to its objective appearance; § 455(b) is strictly applied.  See Harris v. Champion, 15 F.3d 1538, 1571 (10th Cir. 1994).

In determining a motion for disqualification, the facts matter greatly, and the court is not restricted to the assertions of the movant.  See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam).  The State Defendants have included an affidavit from the chief-of-staff of the governor's office concerning the employment of my spouse.  See State Defendants' Response to Motion for Recusal of Honorable Paul J. Kelly as Trial Judge filed May 30, 2000, Ex. A (Gallegos Aff.) (doc. 81).  The affidavit indicates that my spouse coordinates appointments to state boards and commissions, but makes no appointments herself; she merely administers the process and reports to the chief-of-staff, not the governor.  See id. at ¶¶ 3 & 4.  She has no responsibility or involvement in NMCD appointments, NMCD programs, or administration of the State's contracts

concerning private prisons.  See id. at ¶ 5.  Although she identifies persons that

might be suitable for New Mexico Corrections Commission, she has no

responsibilities concerning the statutory functions of the Commission, which

today, notwithstanding the broad language of N.M. Stat. Ann. § 33-1-4(C),

merely has a nominal advisory role in the implementation of the Correction

Industries Act, see N.M. Stat. Ann. § 33-8-6.  See State Defendants' Response to

Motion for Recusal of Honorable Paul J. Kelly as Trial Judge filed May 30, 2000,

Ex. A at ¶¶ 6 & 7 (Gallegos Aff.) (doc. 81).  She "does not have any job

responsibilities with reference to the [NMCD] and is not regularly briefed,

advised or consulted regarding policies [and] decisions involving the Corrections

Department."  See id. at  ¶ 8.

        Rather than address this evidence concerning my spouses non-involvement

in any matters concerning this litigation, Plaintiffs respond "[t]he statement that

[she] is not 'regularly briefed' suggests that she might on occasion be involved in

briefings regarding NMCD policy."  Plaintiffs' Reply In Support of Motion for

Recusal filed May 30, 2000 at 9 (doc. 82).  This is not a reasonable inference

given her lack of involvement with the NMCD; Plaintiffs admit as much and

request discovery if their motion is not decided on the basis of § 455(a).[1]

---

        [1]Plaintiffs' request for a brief period for discovery to compile a complete
record, see Plaintiffs' Reply in Support of Motion for Recusal filed May 30, 2000
at 11 (doc. 82); see also Memorandum of Law in Support of Plaintiffs' Motion
for Recusal of Paul J. Kelly as Trial Judge filed May 30, 2000 at 9 (doc.78), will

Plaintiffs' motion is built upon speculation and conjecture, and a series of unreasonable inferences given the actual facts.  For example, the suggestion that my spouse discusses "matters pertaining to both Defendant Johnson and the [NMCD], in violation of . . . § 455(b)(1)," Plaintiffs' Motion at 4-5, has no factual support given the uncontroverted evidence, but also presumes judicial conduct contrary to the Code of Conduct for United States Judges.  See Code of Conduct for United States Judges, Canon 2B, reprinted in II Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures ch. I at I-2 (6/15/99).  Equally conjectural is the statement that "[p]resumably, Judge Kelly's own financial interests could also be affected by Defendant Johnson's actions towards Judge Kelly's wife."  Plaintiffs' Motion at 4.

The Plaintiffs' § 455(b) grounds may be handled with dispatch.  Plaintiffs conjecture does not establish personal bias or prejudice concerning a party, i.e. any of the Plaintiffs, nor does it establish "personal knowledge of disputed evidentiary facts concerning the proceeding," § 455(b)(1).  Plaintiffs do not rely

---

be denied.  While there may be circumstances where discovery on this type of motion would be appropriate under Fed. R. Civ. P. 26(b)(1), see El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 141 n.5 (1st Cir. 1994) (contrasting views), this case does not present them.  There must be some factual basis for such a request.  Cf. Fed. R. Civ. P. 11(b)(3).  A fishing expedition after the recusal motion has been filed is not appropriate.  Plaintiffs' present recusal motion is not a tryout for the main event–absent changed circumstances, requiring Defendants to undergo another round of briefing and the court to consider the issue anew is unwarranted.

upon any ruling or comment by me during these proceedings to demonstrate bias. Plaintiffs have not demonstrated that I or my spouse have a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." § 455(b)(4); see also § 455(b)(5)(iii); In re New Mexico Natural Gas Antitrust Litig., 620 F.2d 794, 796 (10th Cir. 1980) (any "other interest" means interest in subject matter or a party).  My spouse's state employment simply is not a financial interest in the "subject matter in controversy," which is the classification and assignment of inmates to private prisons in New Mexico and their conditions of confinement.  Nor does it appear to be a financial interest in "a party to the proceeding," here, the State of New Mexico.[2]  Finally, no evidence or reasonable inference suggests that I or my spouse have any other interest that could be "substantially affected by the outcome of the proceeding." §§ 455(b)(4), (b)(5)(iii).  Plaintiffs' conjecture that a ruling adverse to the State Defendants will result in financial or professional harm to me or my spouse is not reasonable given the complete lack of connection between this litigation and her position, and is not supported by any facts.  See Union Carbide Corp. v. U.S. Cutting Serv., Inc., 782 F.2d 710, 715 (7th Cir. 1986) (party seeking recusal failed to present evidence of financial impact).

---

[2]The Governor is named in his official capacity, therefore, the suit against him is against the State.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

Various appellate fora have considered disqualification in similar circumstances and have determined that disqualification is not required where the employment of the judge's relative did not concern the subject matter in controversy and the relative was not a manager or policymaker; it appears that none of the relatives enjoyed civil service protection from termination.  See Southwestern Bell Tel. Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998) (Hansen, J., in chambers) (judge's child was employed by party); Jenkins v. Arkansas Power & Light Co., 140 F.3d 1161, 1164-65 (8th Cir. 1998) (judge's child accepted employment in law firm representing party); In re Kansas Public Employees Retirement Sys., 85 F.3d 1353, 1364 (8th Cir. 1996) (same); In re Charge of Judicial Misconduct or Disability, 85 F.3d 701, 704 (D.C. Cir. Jud. Council 1996) (judge's spouse employed by Senator who called for independent counsel; judge participated in appointment of independent counsel); Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 871 (9th Cir. 1991) (judge's child was employed by party); Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.d 1556, 1568-69 (Fed. Cir. 1989) (same); In re National Union Fire Ins. Co., 839 F.2d 1226, 1229-30 (7th Cir.1988) (judge's child represented party in an unrelated matter); United States ex rel Weinberger v. Equifax, Inc., 557 F.2d 456, 463-64 (5th Cir.1977) (judge's child employed by law firm representing party). See also Committee on Codes of Conduct, Advisory Opinion No. 38, reprinted in II Administrative Office of the United States Courts, Guide to Judiciary Policies

and Procedures ch. IV at IV-79 to IV-81 (6/15/99) (judge not disqualified from

hearing U.S. Attorney's cases where child is assistant U.S. attorney, but will not

appear before judge); Advisory Opinion No. 60, reprinted in id. at IV-131 to IV-

134 (district court may appoint spouse of an assistant U.S. attorney as magistrate

judge where judge's spouse will not appear before magistrate judge).  In Bernard

v. Coyne (In re Bernard), 31 F.3d 842, 843-45 (9th Cir. 1994) (Kozinski, J., in

chambers), the judge's spouse was United States Trustee and supervisor of the

defendant-trustee; recusal was not required because the spouse had not been

involved in the case in any substantive way.

 In suggesting disqualification under § 455(a), Plaintiffs rely upon an

unpublished district court decision.  See Duran v. King, No. 77-721-C,

Memorandum Opinion and Order (D.N.M. July 29, 1982) (attached to

Memorandum of Law in Support of Plaintiffs' Motion for Recusal of the

Honorable Paul J. Kelly at Trial Judge filed May 30, 2000 (doc. 78)).  In that

case, Judge Finesilver, sitting by designation, granted plaintiffs' motion to

disqualify Judge Campos from presiding in the Duran litigation based upon

§ 455(a).  That case is completely distinguishable based upon Plaintiffs' opening

description of it--

> One [sic] January 7, 1982, counsel for the Plaintiffs learned that Dr.
> Ralph Lopez, a part-time contract dentist at the Penitentiary of New
> Mexico had spoken to Judge Campos regarding one aspect of the
> case, the dental care provided to class members.  Dr. Lopez was
> Judge Campos' personal friend and long-time dentist.

- 11 -

Memorandum of Law in Support of Plaintiffs' Motion for Recusal of the
Honorable Paul J. Kelly at Trial Judge filed May 30, 2000 at 7 (citation omitted)
(doc. 78).  That case involved documented extrajudicial communications
involving the subject matter of the litigation by an interested party; this one does
not.

In the end, I have carefully considered the grounds suggested by the
Plaintiffs but find them wanting given the actual facts and the law.  Though the
§ 455(a) standard is reasonableness, "it is reasonableness tempered with a
knowledge of the relevant facts."  David v. City and County of Denver, 101 F.3d
1344, 1351 (10th Cir. 1996).  The decision of the district judge must be informed
by the "light of the judge's duty to decide cases fairly and his duty to avoid
impropriety, determined from an informed, reasonable viewpoint.  'There is as
much obligation for a judge not to recuse when there is no occasion for him to do
so as there is for him to do so when there is.'"  Id. (quoting Hinman, 831 F.2d at
939).

In addition to the lack of a factual predicate for the motion that would
make the requisite showings under §§ 455(a) & (b), the timing is troubling and
appears to be based upon adverse rulings in this institutional reform litigation.
From the time the case was transferred to me (because the original trial judge
recused), through two days of hearings (held February 17 & 22, 2000) on
Plaintiffs' request for a preliminary injunction, and through issuance of numerous

- 12 -

orders, Plaintiffs have fully participated with no word of seeking my disqualification.

A recusal motion should be timely, and a party is required "to act promptly once it knows of the facts on which it relies in its motion." United States v. Pearson, 203 F.3d 1243, 1276 (10th Cir. 2000). The fact that Plaintiffs may have had tactical reasons for non-joinder of the State Defendants does not change the unequivocal and substantial interest the State has always had in these proceedings. Indeed, NMCD counsel and the firm retained by the State were present and monitored the preliminary injunction hearing from front-row seats. At that hearing, NMCD counsel was ordered by me to produce certain documents upon the Plaintiffs' oral motion. Several of the witnesses at the hearing were employed by the State of New Mexico. Plaintiffs' counsel admittedly was aware of my spouse's employment as these proceedings have progressed; aware months before the recusal motion was served. See Plaintiffs' Reply in Support of Motion for Recusal, Ex. 1 at 4, ¶ 11 (Donatelli Aff.) (doc. 82).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Recusal of the Honorable Paul J. Kelly as Trial Judge filed May 30, 2000 (doc. 77), is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' request for discovery on recusal, see Plaintiffs' Reply in Support of Motion for Recusal filed May 30, 2000 at 11 (doc. 82), is denied.

DATED this 28th day of June 2000, at Santa Fe, New Mexico.


_Paul Kelly J._____
United States Circuit Judge
Sitting by Designation


Counsel:

Peter M. Cubra, Albuquerque, New Mexico, John L. Sullivan and Mark H. Donatelli, Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Enfield, LLP, Santa Fe, New Mexico, and Alphonse A. Gerhardstein, Laufman & Gerhardstein, Cincinnati, Ohio, for Plaintiffs.

MacDonnell Gordon, Rex D. Throckmorton, and Henry M. Bohnhoff, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendants Wackenhut Corrections Corporation, Guadalupe County, Lea County, Joseph R. Williams, Al C. Parke, Robert Bravo, and Eloy Mondragon.

Christopher P. Muirhead, Douglas A. Baker, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant Correctional Medical Services, Inc.

Robert T. Booms, Butt Thornton & Baehr PC, Albuquerque, New Mexico, for Defendants Gary Johnson, Robert J. Perry, and the New Mexico Corrections Department.