IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DWAIN K. SINGER, CHRIS HOPSON, HENRY CHAVEZ and CHRIS RAY ROMERO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>WACKENHUT CORRECTIONS CORPORATION, a Florida corporation; CORRECTIONAL PROPERTIES TRUST, a Maryland real estate investment trust; CORRECTIONAL MEDICAL SERVICES, INC., a Missouri corporation; GUADALUPE COUNTY, NEW MEXICO; LEA COUNTY, NEW MEXICO; JOSEPH R. WILLIAMS, individually and in his official capacity as an agent of Lea County, New Mexico; AL C. PARKE, individually and in his official capacity as an agent of Lea County, New Mexico; ROBERT BRAVO, individually and in his official capacity as an agent of Guadalupe County, New Mexico; ELOY MONDRAGON, individually and in his official capacity as an agent of Guadalupe County, New Mexico; GARY JOHNSON, in his official capacity as Governor of the State of New Mexico; ROBERT J. PERRY, individually and in his official capacity as Secretary of the New Mexico Department of Corrections; and the NEW MEXICO DEPARTMENT OF CORRECTIONS,<br><br>      Defendants. | No. CIV 99-1091 PK/RLP |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the New Mexico Corrections Department's "NMCD" and Robert J. Perry's Objection to Withdrawal of Plaintiffs' Motion for Class Certification, filed October 13, 2000 (doc. 105), and the Wackenhut Defendants' Objections to Plaintiffs' Notice of Withdrawal of Motion for Class Certification, filed October 17, 2000 (doc. 104). The court, being advised fully in the premises, finds that the objections are not well taken, that Plaintiffs should be allowed to withdraw their motion and amend the Third Amended Complaint, and that the matter should be referred to the magistrate judge to reset the previously suspended pretrial deadlines.

Background

Plaintiffs sought to initiate a civil rights class action on behalf of inmates with mental or developmental disabilities incarcerated in two private prisons. They challenged the inmate assignment and classification system, various conditions of confinement, and sought injunctive relief and damages. They also sought relief on several supplemental state law claims. The court has treated the action as a class action pending a class certification hearing and denied preliminary injunctive relief.

One day prior to a status conference to address the upcoming class

certification hearing scheduled for November 6, 2000, the Plaintiffs withdrew their motion for class certification and indicated that they would proceed on their individual damage actions.  Doc. 102.  After hearing the parties at the status conference, the court vacated the class certification hearing.

Defendants object to the withdrawal of the motion for class certification on the grounds that: (1) the class action cannot be effectively dismissed without approval of the court, see Fed. R. Civ. P. 41(a)(2), and notice to all members of the proposed class pursuant to Fed. R. Civ. P. 23(e), and (2) Plaintiffs should not be permitted to amend their Third Complaint to delete the class allegations because it would prejudice the Defendants.  Defendants contend that they have spent thousands of dollars defending against class certification and that the withdrawal of the motion is tactical--an attempt to avoid an adverse ruling well after the close of discovery in June 2000 on the class certification issue. Defendants urge the court to decide the issue on the pleadings to date, as they hope to establish precedent that will assist them in defending against other class certification attempts.  In the alternative, if Plaintiffs are allowed to withdraw their motion, Defendants request attorneys' fees and expenses from the Plaintiffs for the costs incurred in discovery and briefing on the class certification issues. Recognizing the potential collectability problems inherent in such a judgment, the Wackenhut Defendants suggest that the Plaintiffs' individual claims be dismissed with prejudice if payment is not forthcoming within thirty days after such a

judgment.

Plaintiffs contend that Fed. R. Civ. P. 23(e) does not apply, and that even if it does, it would not require notice to the proposed class of the withdrawal of the class certification motion or a ruling on class certification. Plaintiffs oppose an award of costs, contending that they are acting in good faith and will gain no advantage from dismissal of the class claims. They further contend that much of the discovery taken relates to their individual claims and that they are indigent.

Discussion

Although the Defendants appear confident about the outcome of the class certification issue, the result is far from preordained and the court expresses no opinion on the merits. Fed. R. Civ. P. 23(e) provides:

> **Dismissal or compromise.** A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Regardless of Rule 23(e), a voluntary dismissal of an action pursuant to Fed. R. Civ. P. 41(a)(2) would require court approval.[1] The Tenth Circuit has not

---

[1] Technically, because Plaintiffs only seek to dismiss certain claims (the class action allegations and the request for remedies other than damages), Fed. R. Civ. P. 41(a) does not apply because it deals with the dismissal of an entire action. Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996). Regardless, even construing the Plaintiffs' withdrawal of the class certification motion as a motion to amend the Third Amended Complaint under

(continued...)

decided whether Rule 23(e), and particularly the notice provision, applies to dismissal or compromise of class actions prior to certification.  E.g., Firestone v. Gallegos, No. 98-2171, 1999 WL 143859, *2 (10th Cir. Mar. 17, 1999).  Most courts have concluded that the rule applies prior to class certification.  See Baker v. America's Mortgage Servicing, Inc., 58 F.3d 321, 324 (7th Cir. 1995); Diaz v. Trust Territory of the Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); see also Glidden v. Chromalloy Am. Corp., 808 F.2d 621, 627-28 (7th Cir. 1986) (holding that court approval is always required and that notice may be required).  The Fourth Circuit has concluded otherwise, but requires the district court to review any proposed settlement.  Shelton v. Pargo, Inc., 582 F.2d 1298, 1314-15 (4th Cir. 1978).

Rule 23(e) is concerned with the compromise or dismissal of class allegations that may prejudice potential class members.  "Involuntary dismissals are generally excepted from Rule 23(e) because they presumably cannot involve abuse of the class device or prejudice to absent class members."  2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 8.18, at 8-60 (3rd ed.

---

[1](...continued)
Fed. R. Civ. P. 15(a), the requirements of Rule 23 may be implicated.  See McArthur v. Southern Airways, Inc., 556 F.2d 298, 302 (5th Cir. 1977), vacated, 569 F.2d 276, 277 (5th Cir. 1978) (en banc) (withdrawing panel opinion, vacating district court judgment for lack of jurisdiction based upon supervening authority and dismissing appeal); Anderberg v. Masonite Corp., 176 F.R.D. 682, 686 (N.D. Ga. 1997).

1992).  On the other hand, courts are understandably reluctant to approve certain voluntary dismissals that may be collusive, where the class representatives may drop the class allegations in exchange for more favorable individual settlements from the defendants.  Another concern is the protection of potential class members who might have relied upon the filing of the class action against any consequential impairment of their interests.  See Diaz, 876 F.2d at 1407 & n.3 (citing Shelton, 582 F.2d at 1315).

     This case involves no agreement between the Plaintiffs and Defendants.  Defendants vigorously oppose the withdrawal of the class and Plaintiffs have received no concessions.  Plaintiffs will still have to prove their damage actions.  Insofar as prejudice to potential class members, the effective dismissal of the class claims will be without prejudice, and occurs early in the lawsuit, the Second Amended Complaint containing class allegations having been filed January 20, 2000 (doc. 9).  In such circumstances, any reliance interests are attenuated at best.  See Shelton, 582 F.2d at 1314-15.  Moreover, class counsel has been heavily involved in prison reform litigation and the court is confident that class counsel may be deemed a suitable representative for providing notice that the class allegations have been dropped.  See Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1337 (1st Cir. 1991).

    I conclude that the dismissal of the class allegations, and hence the effective dismissal of the class action, should be approved.  See Larkin Gen.

Hosp., Ltd. v. Amer. Tel. & Tel. Co., 93 F.R.D. 497, 501-02 (E.D. Pa. 1982). There remains the issue of notice to the potential class members. Under Rule 23(e), notice to the class of dismissal may not be mandatory in all circumstances. Newberg on Class Actions § 8.18, at 8-59.

> If the court determines that dismissal of the class action will not benefit the individual representative to the detriment of the class or prejudice the class by effectively foreclosing its members from commencing a similar action, the court may dispense with notice.

Id. at 8-61. In this case, particularly given the absence of any evidence of collusion, the court is convinced that notice to the potential class is not required. See Brooks v. State Bd. of Elections, 173 F.R.D. 552, 554 (S.D. Ga. 1997).

Given the spirit of Fed. R. Civ. P. 15(a), Defendants have not shown sufficient prejudice to warrant denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiffs should not be forced to pursue a position, and potentially represent a class, against their will. To rule on the Plaintiffs' motion for class certification on the pleadings to date, as suggested by the Defendants, would be tantamount to issuing an advisory opinion, something an Article III court is not empowered to do. Although the court is aware that amendment has been conditioned upon payment of attorneys' fees and expenses in similar circumstances, e.g., Anderberg v. Masonite Corp., 176 F.R.D. 682, 687 (N.D. Ga. 1997), the court declines to do so here. As Defendants recognize, the Plaintiff-inmates are impecunious, and the Defendants have not established that

the Plaintiffs' pursuit of class certification was in bad faith, frivolous, unreasonable, or without foundation.  See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980) (§ 1983 action).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the New Mexico Corrections Department's and Robert J. Perry's Objection to Withdrawal of Plaintiffs' Motion for Class Certification, filed October 13, 2000 (doc. 105), is overruled.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Wackenhut Defendants' Objections to Plaintiffs' Notice of Withdrawal of Motion for Class Certification, filed October 17, 2000 (doc. 104), are overruled.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiffs shall be allowed to withdraw their Motion for Class Certification, filed January 31, 2000 (doc. 13), including the Amended Class Definition as described in the Plaintiffs' Memorandum in Support of Class Certification with Amended Class Definition, filed June 30, 2000 (doc. 93).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiffs' shall have twenty calendar days from the date of entry of this order to file a Fourth Amended Complaint to conform to this ruling.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the case is referred to the magistrate judge to reset those dates in the Initial Pretrial Report which were vacated in the magistrate's Order on Class Certification

Briefing Schedule and Vacating Pretrial Deadlines, filed July 12, 2000 (doc. 96).

DATED this 3rd day of November 2000, at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

John L. Sullivan and Mark H. Donatelli, Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Enfield, LLP, Santa Fe, New Mexico, Peter M. Cubra, Albuquerque, New Mexico, and Alphonse A. Gerhardstein, Laufman & Gerhardstein, Cincinnati, Ohio, for Plaintiffs.

Robert T. Booms, Butt Thornton & Baehr PC, Albuquerque, New Mexico, and Charles N. D'Angelo, General Counsel, New Mexico Corrections Department, Santa Fe, New Mexico, for Defendants NMCD and Robert J. Perry.

Rex D. Throckmorton, Henry M. Bohnhoff, and MacDonnell Gordon, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendants Wackenhut Corrections Corporation, Joseph D. Williams, Robert Bravo, Eloy Mondragon, Guadalupe County, and Lea County.